# Applicability of 18 U.S.C. §§ 212 and 213 to FDIC Examiners' Obtaining of Credit Cards From State-Chartered FDIC-Insured Nonmember Banks

Proposed FDIC regulations allowing FDIC examiners to obtain credit cards from insured state non-member banks (subject to the condition that those examiners are not authorized to examine the banks that have issued the cards) are consistent with the provisions of 18 U.S.C. §§ 212 and 213, prohibiting loans between a bank examiner and banks which that examiner examines, or has the authority to examine.

January 12, 1988

MEMORANDUM FOR THE EXECUTIVE SECRETARY
FEDERAL DEPOSIT INSURANCE CORPORATION

This memorandum responds to your letter of September 14, 1987, as revised, requesting our views on proposed Federal Deposit Insurance Corporation ("FDIC") regulations that would authorize FDIC examiners to obtain credit cards from certain state-chartered FDIC-insured banks that are not members of the Federal Reserve System ("insured state nonmember banks"). Specifically, you asked whether the proposed regulations would be consistent with the provisions of 18 U.S.C. §§ 212 and 213, prohibiting loans between a bank examiner and banks which that examiner examines, or has the authority to examine. Subsequently, by letter dated December 11, 1987, FDIC Special Counsel F. Douglas Birdzell transmitted a revised version of the proposed regulations. Our analysis is based on those revised regulations. For the reasons set forth below, we conclude that the proposed regulations would not run afoul of the prohibitions found in 18 U.S.C. §§ 212 and 213.

## Analysis

At issue is the scope of the prohibitions contained in 18 U.S.C. §§ 212 and 213. Section 212 prohibits an officer, director, or employee of a bank which is a member of the Federal Reserve System or insured by the FDIC from making a loan to an examiner who "examines or has authority to examine" the bank. Section 213 complements section 212 by prohibiting a bank examiner from accept-

14

ing a loan from "any bank, corporation, association or organization examined by him or from any person connected therewith."[1]

The rule against examiner borrowing embodied in sections 212 and 213 was first promulgated as section 22 of the Federal Reserve Act of 1913, 38 Stat. 251, 272, and was intended to "proscribe certain financial transactions which could lead to a bank examiner carrying out his duties with less than total, unbiased objectivity." *United States v. Bristol*, 473 F.2d 439, 442 (5th Cir. 1973). *See also* H.R. Rep. No. 69, 63d Cong., 1st Sess. (1913). There is no provision in the statute or its legislative history that evinces a congressional intent to exempt any particular type of credit relationship, and the rule against examiner borrowing found in sections 212 and 213 has been applied to prohibit credit advanced through credit cards, as well as through direct loans.[2] Since both credit cards and direct loans have as their essential attribute the extension of credit,[3] we also take the position that sections 212 and 213 apply to credit cards issued by banks.

Current FDIC regulations prohibit FDIC examiners from "accept[ing] or becom[ing] obligated on any extension of credit, including credit extended through the use of a credit card," from an insured nonmember bank. 12 C.F.R. § 336.16 (1987) ("section 336.16"). We understand that this prohibition generally does not encompass credit extended by member banks of the Federal Reserve System, since member banks normally are examined by Federal Reserve System (in the

---

[1] Sections 212 and 213 provide in relevant part as follows:

Sec. 212. Offer of loan or gratuity to bank examiner

Whoever, being an officer, director or employee of a bank which is a member of the Federal Reserve System or the deposits of which are insured by the Federal Deposit Insurance Corporation, or of any land bank, Federal land bank association or other institution subject to examination by a farm credit examiner, or of any small business investment company, makes or grants any loan or gratuity, to any examiner or assistant examiner who examines or has authority to examine such bank, corporation, or institution, shall be fined . or imprisoned . . . or both . . . .

Sec. 213. Acceptance of loan or gratuity by bank examiner

Whoever, being an examiner or assistant examiner of member banks of the Federal Reserve System or banks the deposits of which are insured by the Federal Deposit Insurance Corporation, or a farm credit examiner or examiner of National Agricultural Credit Corporations, or an examiner of small business investment companies, accepts a loan or gratuity from any bank, corporation, association or organization examined by him or from any person connected herewith shall be fined . . . or imprisoned . . . or both . . . .

[2] Prior interpretations by the Office of Legal Counsel have presumed that sections 212 and 213 apply to credit extended through credit cards. *See* Memorandum for Hoyle L. Robinson, Executive Secretary, FDIC, from Leon Ulman, Deputy Assistant Attorney General, Office of Legal Counsel, *Re Proposed Amendments to Regulations of FDIC Relating to Bank Loans to Examiners* (July 10, 1980); *Federal Reserve Board Policy on Bank Examiner Borrowing*, 6 Op. O.L.C 509 (1982).

[3] Consistent with this observation, we note that 15 U.S.C § 1602 (which contains definitions applicable to federal consumer credit cost disclosure statutes) defines "credit card" as "any card, plate, coupon book or other credit device *existing for the purpose of obtaining money*, property, labor, or services *on credit*." 15 U.S.C. § 1602(k) (emphasis added). Furthermore, 12 U.S.C. § 1901 (which contains definitions applicable to federal credit control statutes) defines "loan" as "*any type of credit*, including credit extended in connection with a credit sale." 12 U.S.C. § 1901(j) (emphasis added).

case of state member banks) or Comptroller of the Currency (in the case of federally-chartered national banks) examiners—not by FDIC examiners.[4]

The proposed revision of section 336.16 would prohibit FDIC examiners from "becom[ing] obligated on any extension of credit, including credit extended through the use of a credit card, from an insured state nonmember bank," subject to two exceptions: (1) an examiner could, with the prior written consent of his or her supervisor, "apply for and obtain credit cards issued by insured state nonmember banks located *outside* of his or her region of official assignment," subject to the condition that he or she would "be disqualified from participating in any examination function regarding th[ose] credit card issuer[s]"; and (2) an examiner could, at the discretion of his or her supervisor (to meet local examination needs), receive credit cards or lines of credit from insured limited service state nonmember banks, including limited service banks located within his or her region of official assignment, subject to the condition that he or she would "be disqualified from participating in any examination function regarding th[ose] creditor[s]." The revised section 336.16 also would specify that if a change in an examiner's assignment or bank structure resulted in an examiner's becoming obligated on an extension of credit secured through a credit card issued by an insured state nonmember bank (category (1)), the credit card would have to be cancelled and any outstanding balance paid according to the card's terms, without renegotiation. For as long as an outstanding balance remained, that examiner would be disqualified from participating in any examination of the creditor bank. Finally, the revised section 336.16 would provide that in the case of a credit card or line of credit obtained from an insured limited service state nonmember bank (category (2)) located within an examiner's region of official assignment, that examiner would have to request the approval of his or her supervisor to retain the credit card or line of credit.[5]

It is our opinion that the proposed revision of section 336.16 does not run afoul of the statutory prohibitions found in sections 212 and 213. Under the terms of the proposed revision, FDIC examiners clearly do not examine—and are not authorized to examine—banks to which they are obligated for a credit card, line of

---

[4] *See* 12 U.S.C. § 481 (providing for the examination of national banks by Comptroller of the Currency examiners); 12 U.S.C. § 485 (providing for the examination of member banks by Federal Reserve examiners); 12 U S C. § 1820(b) (providing for the examination of insured state nonmember banks by FDIC examiners). 12 U.S C. § 1820(b) also authorizes the FDIC to examine state member banks and national banks, "whenever in the judgment of the [FDIC's] Board of Directors such special examination is necessary to determine the condition of any such bank for insurance purposes." The current version of section 336.16 accommodates such "special purpose" examinations, consistent with the statutory prohibitions of section 212 and 213, by prohibiting credit extension relationships between "assessment auditor[s]" charged with auditing banks "for deposit insurance assessment purposes" and the banks that are being audited Because the latter category of audited banks is not defined restrictively, it encompasses state member banks and national banks as well as state nonmember banks.

[5] We understand, of course, that even if he or she received such approval, the disqualification against participation in an examination (category (2)) would remain in effect.

credit, or direct loan.[6] The requirement that an FDIC examiner receive supervisory approval before obtaining any extension of credit from an insured state nonmember bank—and that such approval be conditioned upon disqualification from examination of the bank in question—ensures adherence to the prohibitions of sections 212 and 213. Furthermore, the proposed revision contains a prophylactic measure that prevents examiner reassignments or bank structural changes from accidentally placing examiners in the position of being authorized to examine (or actually examining) banks to which they are indebted. In short, the revised section 336.16 is fully in line with the standards set forth in sections 212 and 213.

## Conclusion

For the foregoing reasons, we conclude that proposed FDIC regulations allowing FDIC examiners to obtain credit cards from insured state nonmember banks (subject to the condition that those examiners are not authorized to examine the banks that have issued the cards) are consistent with the provisions of 18 U.S.C. §§ 212 and 213, prohibiting loans between a bank examiner and banks which that examiner examines, or has the authority to examine.

JOHN O. MCGINNIS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[6] The FDIC's power to promulgate regulations specifying categories of banks that particular FDIC examiners are not authorized to examine would appear to flow naturally from 12 U.S.C. § 1819, which, inter alia, authorizes the FDIC "[t]o prescribe by its Board of Directors such rules and regulations as it may deem necessary to carry out the provisions of this chapter or of any other law which it has the responsibility of administering or enforcing." Inasmuch as the proposed section 336.16 enables the FDIC to "administer" its examination responsibilities (set forth in 12 U.S.C. § 1820(b)) in an efficient yet lawful manner, we believe that it is covered by the plain terms of 12 U S.C. § 1819.